11-4548-cr
*United States v. An Soon Kim*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                         No. 11-4548-cr

An Soon Kim,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Lawrence F. Ruggiero, Law Offices of Lawrence F. Ruggiero, New York, NY. |
| **FOR APPELLEE:** | Abigail S. Kurland and Elie Honig, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant An Soon Kim ("Kim") appeals from the October 24, 2011 judgment of conviction entered by the District Court, convicting her, following a jury trial, of (1) conspiring to transport individuals in interstate commerce to engage in prostitution and conspiring to persuade, induce, or entice individuals to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 371; and (2) aiding and abetting the transportation of an individual in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. §§ 2421 and 2. Kim was sentenced principally to 41 months of imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

On appeal, Kim argues that (1) the evidence was insufficient to prove that she had knowledge that the prostitutes were transported across state lines; and (2) the jury instructions regarding the "motive" for the interstate transportation of the prostitutes constituted plain error. We consider each of these issues in turn.

*Kim's Knowledge of the Interstate Travel of the Prostitutes*

First, Kim argues that there was insufficient proof of her knowledge that a coconspirator, Tae Hoon Kim ("Tae Hoon"), transported women across state lines to her brothels in Connecticut and Washington, D.C. "In challenging the sufficiency of the evidence to support [her] conviction, a defendant bears a heavy burden," *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003), as the standard of review is "exceedingly deferential," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). In evaluating a sufficiency challenge, "we must credit every inference that could have been drawn in the government's favor, and affirm the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006) (internal citations omitted).

At trial, the government presented substantial evidence to support the conclusion that the women were transported in interstate commerce for the purpose of working as prostitutes in Kim's brothels. For example, the E-Z pass records introduced at trial chronicled Tae Hoon's transportation of a woman known as "Jin-Oh" from Queens, New York to Washington, D.C. on February 19, 2006. During a series of telephone conversations on February 18 and 19, 2006, Kim confirmed that there was an opening in the D.C. brothel, emphasized to Tae Hoon that she needed

2

to fill the vacancy immediately, and asked him to drop by the "sauna"—a reference to the Su Jung Sauna in Flushing—while "on the way" to the D.C. brothel. In other telephone calls, Kim repeatedly asked for women to "go to" Connecticut or "go to" Washington, D.C. From these and similar conversations, we conclude, as the District Court did, that there was "ample evidence from which a reasonable jury could . . . find proof of the knowledge element beyond a reasonable doubt." *United States v. An Soon Kim*, No. 11 Cr. 74 (DLC), 2011 WL 3045230, at *2 (S.D.N.Y. July 25, 2011) (denying Kim's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29).

*Jury Instructions*

Second, Kim argues for the first time on appeal that the District Court committed reversible error by omitting the words "dominant" or "predominant" from the jury instructions on the "motivating purpose" of the interstate travel of the prostitutes. Because there was no objection to the instructions below, we review the charge only for "plain error." Fed. R. Crim. P. 52(b). To show plain error, a defendant must establish that "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Kim's plain error argument fails for the simple reason that there was no error. With respect to the purpose of the interstate travel, the District Court instructed the jury as follows:

> It is not necessary for the government to prove that a person's sole purpose in transporting a woman across a state line was to have that woman engage in prostitution. A person may have several different purposes or motives for transporting a woman across state lines, and each may prompt in varying degrees the person's actions. The government must prove beyond a reasonable doubt, however, that a *significant or motivating purpose* of the transportation across a state line was that a woman would engage in prostitution. In other words, that activity must not have been merely incidental to the transportation.

A 554–55 (emphasis added). These instructions are legally sound. Neither "dominant" nor "predominant" appear in the statutory language. *See* 18 U.S.C. § 2421 ("Whoever knowingly transports an individual in interstate . . . commerce . . . with intent that such individual engage in prostitution . . . shall be [guilty of a crime]."). Although we have previously approved a jury charge

3

that included the phrase "one of the dominant purposes," *see United States v. Miller*, 148 F.3d 207, 211–13 (2d Cir. 1998), we have never required such language to appear in a jury charge on § 2421. Indeed, Judge Sand recommends excluding the word "dominant" entirely from the charge so as to avoid confusion. *See* 3 Leonard B. Sand *et al.*, *Modern Federal Jury Instructions–Criminal*, ¶ 64.01, Instr. 64-4, Comment ("Note that the distinction between 'a dominant motive' and 'the dominant motive' is likely to confuse the jury, so the word 'dominant' is avoided completely in favor of the clearer terms 'sole purpose' and 'significant or motivating purpose' which are easier to understand.").

The charge given by the District Court, which closely tracks the charge outlined by Judge Sand, accurately and thoroughly conveyed the second element of the crime. Accordingly, we find no error, much less plain error, in the jury charge.

## **CONCLUSION**

We have considered all of Kim's other arguments on appeal and conclude that each of them is without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court